ERIC SCOUNITED STATES DISTRICTCOURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ERIC SCOTT KENNEDY**

**and**

**JENNIFER MARIE RANCHER,**

    Plaintiffs,

vs.                                          CASE NO:

**UNITED STATES OF AMERICA,**

    Defendant.
_____/

**AMENDED COMPLAINT**
**(name correction only)**

Plaintiffs, ERIC SCOTT KENNEDY and JENNIFER MARIE RANCHER, hereby sue Defendant, UNITED STATES OF AMERICA, and in support thereof allege as follows:

**COMMON ALLEGATIONS**

1. This is an action for damages brought pursuant to The Federal Tort Claims Act, 28 U.S.C. 2671 §1346(b) & 28 U.S.C. §2671-80, based on personal injury claims arising from a motor vehicle accident that occurred on or about July 26, 2023, involving Plaintiffs and a United States Postal Service vehicle in Marion County, Florida.

2. At all times material hereto, Plaintiff, ERIC SCOTTT KENNEDY (hereinafter "KENNEDY") resided in Marion County, Florida.

1

3. At all times material hereto, Plaintiff, JENNIFER MARIE RANCHER (hereinafter "RANCHER") resided in Marion County, Florida.

4. The Defendant is the United States of America as the underlying incident involves a United States Postal Service vehicle and/or employee/agent.

5. At all times relevant to this action Patricia Lynn May (hereinafter "MAY") was an agent/employee of Defendant, acting within the course and scope of her employment with the United States Postal Service.

6. Pursuant to 28 U.S.C. § 2675(a), the Plaintiffs present their claims against the United States to the United States Postal Service on or about August 16, 2024 (Plaintiff RANCHER) and August 27, 2024 (Plaintiff KENNEDY), respectively.

7. More than six months have past since the Plaintiffs' dates of presentment. To date a denial has not been issued by the Defendant as to either claim, and both claims remain unresolved.

8. On or about July 26, 2023, Plaintiff KENNEDY was the driver of a vehicle in which Plaintiff RANCHER was a passenger that was traveling on US Highway 301 in Marion County, Florida, approaching the intersection with SE 144th Place Road.

9. At that time and place Defendant's driver/employee/agent, MAY, in the course and scope of her employment with the United States Postal Service, was operating a motor vehicle at that intersection, and made a U-turn onto highway US 301.

10. However, Defendant's driver failed to yield to oncoming traffic and caused a collision with the Plaintiffs' vehicle.

11. Plaintiffs were injured as a result of the collision caused by Defendant and/or Defendant's agent/employee.

### COUNT I- NEGLIGENCE/VICARIOUS LIABILITY
### PLAINTIFF KENNEDY vs. DEFENDANT
### UNITED STATES OF AMERICA

12. Plaintiff KENNEDY incorporates paragraphs one (1) through eleven (11) as though more fully set forth at length herein.

13. Under Florida's Dangerous Instrumentality doctrine, Defendant UNITED STATES OF AMERICA is liable for the negligent acts of its permissive driver, MAY.

14. At all times material hereto, MAY was driving a vehicle owned by Defendant with Defendant's consent, and operated the vehicle in such a manner as to cause the motor vehicle collision with Plaintiffs' vehicle. As such, Defendant is vicariously liable for any negligence of MAY under the Dangerous Instrumentality Doctrine.

15. As a result of Defendant's negligence, Plaintiff KENNEDY suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation or activation of a previously existing condition.

16. All of these losses are either permanent and/or continuing, and Plaintiff KENNEDY will continue to suffer these losses into the future.

WHEREFORE, Plaintiff, ERIC SCOTT KENNEDY, demands judgment for damages and costs against Defendant, UNITED STATES OF AMERICA, for damages, costs and a trial by jury of all issues herein.

### COUNT II- NEGLIGENCE/VICARIOUS LIABILITY
### PLAINTIFF RANCHER vs. DEFENDANT
### UNITED STATES OF AMERICA

17. Plaintiff RANCHER incorporates paragraphs one (1) through sixteen (16) as though more fully set forth at length herein.

18. Under Florida's Dangerous Instrumentality doctrine, Defendant UNITED STATES OF AMERICA is liable for the negligent acts of its permissive driver, MAY.

19. At all times material hereto, MAY was driving a vehicle owned by Defendant with Defendant's consent, and operated the vehicle in such a manner as to cause the motor vehicle collision with Plaintiffs' vehicle. As such, Defendant is vicariously liable for any negligence of MAY under the Dangerous Instrumentality Doctrine.

20. As a result of Defendant's negligence, Plaintiff RANCHER suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation or activation of a previously existing condition.

4

21. All of these losses are either permanent and/or continuing, and Plaintiff will continue to suffer these losses into the future.

WHEREFORE, Plaintiff, JENNIFER MARIE RANCHER, demands judgment for damages and costs against Defendant, UNITED STATES OF AMERICA, for damages, costs and a trial by jury of all issues herein.

**FARAH & FARAH, P.A.**

Attorneys for Plaintiff

1511 NW 6th Street
Gainesville, FL 32601
Phone: (352) 204-9358

By: /s/ Ryan 'Connor
**Ryan O'Connor, Esquire**
FBN: 100776
ROconnor@farahandfarah.com
cmcdermott@farahandfarah.com
dmunson@farahandfarah.com